UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
--------------------------------------------------------------------X

| | |
|---|---|
| ESTER LELCHOOK, individually and as personal representative of the Estate of David Martin Lelchook; MICHAL LELCHOOK; YAEL LELCHOOK; ALEXANDER LELCHOOK; and DORIS LELCHOOK,<br><br>                Plaintiffs,<br><br>                -against-<br><br>THE ISLAMIC REPUBLIC OF IRAN; THE CENTRAL BANK OF THE ISLAMIC REPUBLIC OF IRAN (a/k/a Bank Markazi Jomhouri Islami Iran); BANK SADERAT IRAN; and BANK SADERAT, PLC,<br><br>                Defendants. | Docket No:<br>15-CV-13715 (PBS) |

--------------------------------------------------------------------X

## STATEMENT CLARIFYING A QUESTION RAISED BY THE COURT AT JUNE 22, 2016 ORAL ARGUMENT

At the June 22, 2016 hearing, the Court questioned whether service of process overseas is permitted in suits under the Antiterrorism Act ("ATA"), given that ATA § 2334(a) provides that process in ATA actions "may be served in any district where the defendant resides, is found, or has an agent." *See* June 22, 2016 Transcript at 11:8-11; 14-1-3 ("I am wondering why you're jumping into minimum contacts when the provision of the Anti-Terrorism Act hasn't been met because there's been no service in the United States of America.") The Court asked whether there were any decisions addressing the question of whether the ATA's nationwide contacts test applies when service is not made within the United States. *Id.* at 13:11-15:12.

While there do not appear to be any such decisions specifically addressing the ATA, there are decisions answering the Court's question in the context of other federal statutes which, like the ATA, permit nationwide service of process. The lead case on point is an ERISA case, *C. States, S.E. and S.W. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 940-42 (7th Cir. 2000) ("We find that Rule 4(k)(2), which was enacted after *United Workers* and *Stauffacher*, permits jurisdiction to be exercised by the service of process even if a statute does not specifically state that service is proper, as long as the Rule's conditions are satisfied and no other statute prohibits jurisdiction or indicates that jurisdiction would be improper …if a statutory provision permits nationwide service but is silent with respect to worldwide service, then worldwide service is 'consistent' with this statute, since such service does not contradict or oppose the statutory language."). *See also, e.g.*, *Dale v. Banque All. S.A.*, 2004 WL 2389894, at *7 (S.D.N.Y. Oct. 22, 2004) ("The defendants also contend that the RICO statute prohibits service of process outside the United States. Although that statute does not authorize service of process to be effected abroad, it does not prohibit such service. . . The RICO statute is silent on the issue of service of process outside the United States and, therefore, the RICO statute is not inconsistent with the provisions of Fed. R. Civ. P. 4(k)(2).").

In the ATA context, several cases have applied a nationwide contacts analysis to foreign defendants under Rule 4(k)(2), without addressing the Court's question specifically. *See, e.g., Mwani v. Bin Laden*, 417 F.3d 1, 11 (D.C. Cir. 2005); *Sisso v. Islamic Republic of Iran,* 448 F. Supp. 2d 76, 88 (D.D.C. 2006); *Morris v. Kadr*, 415 F. Supp. 2d 1323, 1335 (D. Utah 2006).

The cases above indicate that the Court's comments at the conference that if personal jurisdiction is not obtained through ATA Section 2334 under Rule 4(k)(1), it can still be obtained pursuant to Rule 4(k)(2) were correct. *See* June 22, 2016 Transcript at 18:6-22; 20:14-25. Thus,

as the Court observed—and as BSPLC has argued all along—plaintiffs are necessarily traveling at this stage under Rule 4(k)(2).[1]

However, this is a separate point (and does not detract) from plaintiffs' argument that under *Wultz* they are precluded from relying on nationwide contacts in the District of Columbia, where they cannot satisfy the ATA's *venue* conditions, as detailed in plaintiffs' papers.

Dated: Brooklyn, New York
July 11, 2016

Yours,

THE BERKMAN LAW OFFICE, LLC
*Attorneys for the Plaintiffs*

by: _____
Robert J. Tolchin

111 Livingston Street, Suite 1928
Brooklyn, New York 11201
718-855-3627

---

[1] For the sake of the record, plaintiffs wish to be clear that they did not intend to disclaim Rule 4(k)(2), as the Court correctly observed at the hearing ("What's confusing to me was the disclaimer of 4(k)(2). Maybe you were meaning something else . . ."). *See* June 22, 2016 Transcript at 32:6-8. The point in their brief on this subject (DE 59 at 9-11) was that BSPLC cannot invoke Rule 4(k)(2) to avoid *Wultz*'s holding foreclosing plaintiffs from relying on nationwide contacts as a basis for personal jurisdiction if the case is not properly venued under ATA § 2334. It is clear from the authorities cited above that plaintiffs are entitled to rely on nationwide contacts to establish personal jurisdiction pursuant to Rule 4(k)(2) when service is made overseas. However, as discussed in plaintiffs' papers, if and when plaintiffs can show that some of BSPLC's wire transfers to Hezbollah passed through correspondent banks in the United States, then BSPLC would be subject to the jurisdiction of the state in which the banks are located, and the applicable Rule would then be 4(k)(1)(A), not 4(k)(2).

## **CERTIFICATE OF SERVICE**

I hereby certify that this pleading filed through the ECF system is expected to be sent electronically to the registered participants as identified on the court's docket.

                                         s/Robert J. Tolchin
                                         Robert J. Tolchin